### ROSENTHAL v. JACKSON et al.

(Supreme Court, Appellate Division, First Department.   May 29, 1908.)

DISCOVERY—EXAMINATION BEFORE TRIAL—RIGHT TO.

Plaintiff is not entitled to an examination of defendant, before serving her complaint, to determine whether she has a cause of action; it appearing that she knows of sufficient facts to frame the complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 50.]

McLaughlin, J., dissenting.

Appeal from Special Term.

Action by Pauline Rosenthal, as Harris Rosenthal's administratrix, against Charles Jackson and others.   From an order denying defendants' motion to vacate an order for examination before trial to enable· plaintiff to frame a complaint, defendants appeal.   Reversed, and motion granted.

Argued    before    INGRAHAM,    McLAUGHLIN,    CLARKE, HOUGHTON, and SCOTT, JJ.

J. C. Jackson, for appellants.
H. Nathan, for respondent.

PER CURIAM. From the papers it appears that the plaintiff has sufficient knowledge to frame a complaint to compel the defendants to account for such moneys as they had received and for which they were accountable to the plaintiff's testator. She is not entitled to an examination of the defendants before serving her complaint, for the purpose of determining whether she has a cause of action.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination of the defendants granted.

McLAUGHLIN, J. (dissenting). I dissent, on the ground that the plaintiff was entitled to examine the defendants to ascertain the terms of the trust, under which it is conceded that they held certain moneys, and of which, according to the moving papers, she has no knowledge.